UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARON MCDOWELL,

                Plaintiff,

      v.

SCOTT VARLEY, et al.,

                Defendants.

CASE NO. C26-2021JLR

ORDER

Before the court is *pro se* Plaintiff Sharon McDowell's response to the court's June 11, 2026 order to show cause why the court should not either transfer this action to the District of Arizona or dismiss this action without prejudice for improper venue. (OSC Resp. (Dkt. # 7); OSC (Dkt. # 5).) For the reasons set forth below, the court GRANTS Ms. McDowell leave to amend her complaint to include allegations establishing venue in this District.

The venue statute, 28 U.S.C. § 1391(b), provides, in relevant part, that:

A civil action may be brought in—

ORDER - 1

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In its order to show cause, the court observed that Ms. McDowell, who resides in Seattle, Washington, named as defendants Scott Varley, who resides in Prescott Valley, Arizona, and Prescott National Cemetery, which is located in Prescott, Arizona.  (OSC at 1 (citing Compl. (Dkt. # 4) at 1-2).)  Ms. McDowell alleges in her bare-bones complaint that Mr. Varley "listed himself as next of kin" for her mother, Frances Barclay, "at the Prescott National Cemetery" and asks the court to name her "next of kin for [her] mother at the Prescott National Cemetery and the agent in charge of her remains."  (Compl. at 5.)  Based on these allegations, the court concluded that the Western District of Washington was not the proper venue for Ms. McDowell's lawsuit.  (OSC at 2-3.)

Ms. McDowell provides much more detail about her case in her response to the order to show cause.  She asserts that venue is appropriate here under § 1391(b)(2) because Mr. Varley "directed communications into this district, committed omissions by severing contact with a Washington resident, and caused severe harm and deprivation of property rights felt directly within this judicial district."  (OSC Resp. at 1-2.)  She represents that her mother passed away in March 2020 in California; that she is her

ORDER - 2

mother's designated next of kin under her mother's will and trust; and that her mother owned a burial plot in California where she wished to be interred.  (*Id.* at 2-3.)  Due to pandemic-era travel restrictions, Mr. Varley called Ms. McDowell and offered to retrieve Ms. Barclay's ashes from California.  (*Id.* at 3-4.)  Ms. McDowell agreed, and authorized the San Diego facility that held Ms. Barclay's remains to release the ashes to Mr. Varley.  (*Id.* at 4.)

Ms. McDowell then began to coordinate logistics for burying Ms. Barclay in her plot in California, including by arranging burial benefits through the Department of Veterans Affairs ("VA").  (*Id.*)  Mr. Varley stopped responding to Ms. McDowell's emails and calls regarding Ms. Barclay's remains, but later informed Ms. McDowell that he had unilaterally interred Ms. Barclay's remains at Prescott National Cemetery.  (*Id.* at 4-5.)  Mr. Varley withheld Ms. McDowell's contact information from Prescott National Cemetery staff.  (*Id.* at 4-5.)

Ms. McDowell represents that she then began reaching out to the National Cemetery Administration ("NCA"), which administers Prescott National Cemetery, and the Seattle Regional Office of the VA to attempt to regain possession of her mother's remains.  (*See id.* at 5-11 (describing Ms. McDowell's efforts to communicate with these agencies).)  She asserts that these agencies' refusal to resolve her concerns violates VA and NCA guidelines.  (*See, e.g.*, *id.* at 6, 11.)

Because Ms. McDowell is a *pro se* Plaintiff, the court must liberally construe her filings.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Although the allegations in Ms. McDowell's complaint failed to establish venue in this District, the

ORDER - 3

court concludes that, the facts Ms. McDowell recounts in her response to the order to show cause are sufficient to establish venue not only under § 1391(b)(2), but also under § 1391(e)(1) to the extent Ms. McDowell raises claims against the NCA and the VA for failure to follow their regulations regarding custody and burial of remains.  *See* 28 U.S.C. § 1391(e)(1) (providing that a civil action in which a defendant is "an agency of the United States" may be brought "in any judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred . . . or the plaintiff resides if no real property is involved in the action"); 5 U.S.C. § 706 (Administrative Procedure Act, granting district courts jurisdiction to review certain actions of federal agencies).

Accordingly, the court GRANTS Ms. McDowell leave to file an amended complaint against Mr. Varley, the NCA, and the VA that includes the factual allegations set forth in her response to the order to show cause.  Ms. McDowell shall file her amended complaint by no later than **August 7, 2026**.  Failure to file an amended complaint in accordance with this order will result in the transfer of this action to the District of Arizona.

Dated this 10th day of July, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 4